The Lake Shore and Michigan Southern Railway Company

*v.*

Mary O'Conner, Admx.

*Filed at Ottawa November 14, 1885.*

1. Negligence—*master and servant—degree of care required of the latter.* It is the duty of a person engaged to work in a dangerous place, to exercise a high degree of care, in view of the dangers to which he may be exposed; but the law does not require that he shall exercise the highest degree of care and caution to entitle him to recover for an injury received from the negligence of other servants and agents of his employer.

2. Same—*injury to a railway switchman—right of an engine-driver to assume that a switchman would get out of the way.* A railway engineer was running his locomotive engine and cars thereto attached, within the limits of an incorporated town, at the speed of twenty miles an hour, when, under an

ordinance, he had the right to run only at the rate of eight miles an hour, and while so running his train he saw a switchman running upon or near the track swinging a lantern. The switchman was struck by the engine and killed. It was *held*, in an action against the company to recover for the killing, that an instruction for the defence, to the effect that when the engineer saw the lantern of the switchman and others upon or near the track upon which he was running, he had the right to assume they would get out of the way of his engine before he reached them, was properly refused. It may be, if the train was running only at the rate of speed permitted by the ordinance, that he might then have assumed that the deceased might observe the approach of his train, and get out of the way; but as he was running at a high rate of speed at a place where the switchman was authorized to believe the approaching train would run only at the rate of eight miles an hour, the engine-driver had no right to assume that the switchman would get out of the way.

3. SAME—*proper care and negligence as questions of law or fact.* Whether a switchman engaged in the service of a railway company, and who is killed by an engine on a track while in the discharge of his duties, was guilty of negligence in failing to keep a constant lookout for the approach of engines and trains, is a question of fact for the jury, and not one of law. Therefore, in an action for his death, an instruction that it was the duty of deceased to keep a constant lookout for his safety, and that if he did not, at the time of the accident, keep such lookout, and the injury occurred wholly or in part from such omission, the plaintiff could not recover, was held properly refused, as it in effect declared that certain facts made out a case of negligence, which precluded a recovery.

4. SAME—*sufficiency of the declaration to admit proof of an ordinance regulating the rate of speed on a railway.* In an action to recover of a railway company for causing the death of the plaintiff's intestate through negligence, the declaration averred that the deceased was in the employment of defendant, under the orders, direction and control of its servants and agents; that it became his duty to couple and uncouple cars upon a certain track, and to give signals, and that while performing that duty with due care on his part, the defendant, by its servants, carelessly, negligently, improperly, unlawfully and wrongfully was driving and managing an engine and car attached thereto, when, by and through negligence, etc., of the defendant, the said engine and car ran at a great and unlawful rate of speed, and struck the deceased, and that the place where the injury occurred was within an incorporated town, and that section 1 of an ordinance of the town was as follows, (giving the same *in hæc verba*,) which prohibited the engine and car from running at a greater speed than eight miles an hour: *Held*, that although the declaration was not well drawn, and obnoxious to a demurrer, it was sufficient to justify the admission of the ordinance in evidence.

5. DEFECTIVE PLEADING—*cured after verdict.* Where there is any defect, imperfection or omission in any pleading, either in form or substance,

which would be fatal on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively stated or omitted, and without which no recovery could be presumed, such defect or omission is cured by the verdict.

6. Practice—*directing what the verdict shall be.* Where there is evidence before the jury upon which a verdict for the plaintiff might rest, it is the duty of the court to refuse an instruction to find for the defendant.

7. But where there is no evidence upon which a recovery can be had, or where it is so slight that the court would be bound to set aside a verdict for the plaintiff, on motion, such an instruction is proper.

8. Instruction—*ignoring a necessary element to make out defence.* Instructions for the defence, in an action against a railway company for negligence resulting in the death of plaintiff's intestate, are fatally defective if they ignore the fact that defendant was required to use care and caution in running its trains.

9. Error will not always reverse—*as to instructions.* Where no instructions are asked or given in behalf of the plaintiff in a case, while on the part of the defendant eight well prepared ones are given, presenting all the law involved in the case fairly to the jury, slight errors in refusing some others asked by the defendant will afford no ground for a reversal.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. Cyrus D. Roys, and Mr. Pliny B. Smith, for the appellant:

In a case like this a municipal ordinance is not admissible in evidence, unless its violation is pleaded as a ground of complaint. *Railroad Co.* v. *Godfrey,* 71 Ill. 510; *Railway Co.* v. *Klauber,* 9 Bradw. 620.

The ordinance, though set out in the declaration, is not pleaded.

Where two acts of negligence are charged, and an injury is alleged to be the consequence of one of them, only, it is error to admit evidence of the other. *Railway Co.* v. *Jones,* 76 Ill. 311.

The declaration must allege that the act of negligence complained of contributed to the injury, and its omission to do so is fatal to a recovery. *McGanahan* v. *Railroad Co.* 72 Ill. 557.

Where the injury is not willfully or wantonly inflicted, it must appear that it was occasioned by defendant's negligence, and it must not appear that there was contributory negligence on the plaintiff's part. *Donaldson* v. *Railway Co.* 21 Minn. 293; *Allyn* v. *Railway Co.* 115 Mass. 77; *Railway Co.* v. *Miller,* 25 Mich. 274; *Gladmore* v. *Railway Co.* 15 Wall. 401.

Where there is no evidence that the injury was willfully, wantonly or intentionally inflicted, and the uncontroverted facts show contributory negligence on the part of the plaintiff, it is proper for the court to rule, as a matter of law, that the plaintiff can not recover. *Allyn* v. *Railroad Co.* 105 Mass. 77; *Railway Co.* v. *Hunter,* 33 Ind. 359; *Pleasants* v. *Faul,* 22 Wall. 120; *Henry* v. *Railway Co.* 76 Mo. 139.

Where the evidence is such that a verdict for the plaintiff must be set aside, the court may direct a finding for the defendant. *Simmons* v. *Railroad Co.* 110 Ill. 346; *Teft* v. *Ashbaugh,* 13 id. 603; *Poleman* v. *Johnson,* 84 id. 270; *Phillips* v. *Dickson,* 85 id. 11; *Amos* v. *Sinnott,* 4 Scam. 447; *Abend* v. *Railroad Co.* 111 Ill. 208.

It is gross negligence, as matter of law, for a person on a railroad track not to keep a constant watch or lookout for an approaching train. *Hetherington* v. *Railway Co.* 83 Ill. 515; *Railway Co.* v. *Hart,* 87 id. 534; *Railway Co.* v. *Bell,* 70 id. 106; *Railroad Co.* v. *Damerell,* 81 id. 455.

Burden of proof is on plaintiff to show that he observed reasonable care and caution for his personal safety. *Damerell's case,* 81 Ill. 454.

Where the facts are undisputed, the question of contributory negligence is one of law. *Grows* v. *Railway Co.* 67 Maine, 100; *Hoag* v. *Railway Co.* 85 Pa. St. 293; *Fleming* v. *Railroad Co.* 49 Cal. 258; *Hodges* v. *Railroad Co.* 49 N. Y. 223; *Railway Co.* v. *Elliott,* 28 Ohio St. 340; *Artz* v. *Railway Co.* 34 Iowa, 154.

The engineer has the right to assume that a person will get off the track before the train reaches him. *Railroad Co.*

v. *Manly,* 58 Ill. 300 ; *Railroad Co.* v. *Lee,* 68 id. 576 ; *Railway Co.* v. *Jones,* 76 id. 376.

Mr. JOHN M. SOUTHWORTH, and Mr. WILLIAM PRESCOTT, for the appellee:

The ordinance was set out *in hæc verba,* and this was sufficient to justify its admission in evidence.

Formal defects in pleadings can be reached only by demurrer.   *Tucker* v. *Randall,* 2 Mass. 283 ; *Woodward* v. *French,* 31 Vt. 344 ; *Catlin* v. *Lyman,* 16 id. 47.

The defects in the declaration were cured by the verdict. 1 Chitty's Pleading, 236, 255, 256, 551.

The jury were justified in attributing the killing to the speed of the train.   *Railroad Co.* v. *Gregory,* 68 Ill. 228 ; *Railway Co.* v. *Henks,* 91 id. 412.

The violation of the ordinance and the killing being proved, a *prima facie* case of negligence was made out,—the burden of proof to remove was on the appellant.   *Railway Co.* v. *Deacon,* 63 Ill. 91 ; *Railroad Co.* v. *Haggarty,* 67 id. 113.

Counsel also discussed at length the ruling of the trial court in giving and refusing instructions.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by appellee, legal representative of Jeremiah O'Connor, deceased, against the Lake Shore and Michigan Southern Railway Company, to recover damages for the death of O'Connor, caused, as is alleged, by the negligence of the servants of the railway company, while he was in the discharge of his duties as switchman in the company's service.   A trial of the cause before a jury resulted in a verdict and judgment in favor of the plaintiff for $5000, which, on appeal, was affirmed in the Appellate Court.

The accident which resulted in O'Connor's death occurred at Englewood, within the town of Lake, in Cook county, which, as appears, is an incorporated town.   On the trial the plaintiff

offered in evidence an ordinance of the town of Lake, which provides that the speed of passenger trains shall not exceed twelve miles an hour, and that of freight trains shall not exceed eight miles an hour. The defendant objected to the introduction of the evidence, on the ground, as claimed, that the declaration makes no complaint based upon an alleged violation of the ordinance of the town of Lake. In the first, second and third counts of the declaration the ordinance regulating the rate of speed of trains is set out *in hæc verba*, in connection with an averment substantially as follows: That Jeremiah O'Connor was in the employment of defendant under the orders, direction and control of its servants, officers and agents; that it became his duty to couple and uncouple cars situated upon a certain track, and to give signals; that while the said O'Connor was then and there so performing said duty of coupling and uncoupling cars and giving signals, with all due care and caution and diligence on his part, all of which the defendant well knew and had notice, the defendant, by its servants, carelessly, negligently, improperly, unlawfully and wrongfully was driving and managing said engine and car attached thereto, when by and through the negligence, carelessness and improper conduct of the defendant the said locomotive engine and car then and there ran at a great and unlawful rate of speed, and struck with great force and violence upon and against the said O'Connor, who was thereby so injured that he died; that the town of Lake is an incorporated town, by virtue of a special act approved March 26, 1869, and that section 1 of an ordinance of said town, entitled "Railroads," is as follows, viz.: Then follows the ordinance *in hæc verba*.

We do not regard the declaration well drawn or technically correct as a pleading, and had a demurrer been interposed, we have no doubt it might have been sustained; but at the same time we are inclined to hold that under the averments of the declaration it was proper to admit the ordinance in

evidence.  The ordinance having been set out in full, the defendant was not misled or taken by surprise.  Moreover, it was alleged that the train ran at a great and unlawful rate of speed, and struck O'Connor, who was thereby injured, and died.  Under these averments the defendant was notified that the plaintiff relied upon the ordinance and the running of the train contrary to its provisions, as a ground of recovery, and if the averments were not sufficient, a demurrer should have been interposed, so that the declaration might have been changed, and a specific averment inserted that the injury occurred by reason of the negligence of the defendant in running its trains at a greater rate of speed than was allowed by the ordinance.

But there is another view that may be taken of this question.  The plaintiff had the right to prove the averments of her declaration.  She had set out the ordinance as a part and parcel of the declaration, and the ordinance was admissible in evidence to prove the facts set out in the declaration, to-wit, the existence of an ordinance as averred.  Then, after the evidence is admitted, if the sufficiency of the declaration is called in question, the answer to that position is, after verdict and judgment the insufficiency of the declaration can not be availed of.  Under the doctrine of intendment, after verdict the defect is cured.  Chitty, in discussing this subject, says : "The doctrine upon this subject is founded on the common law, and is independent of any statutory enactments.  The general principle upon which it depends, appears to be, that where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively stated, or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect or omission is cured by the verdict."

The next error relied upon is the decision of the court refusing defendant's instruction No. 1, which directed the jury that the evidence was not sufficient to sustain a verdict for plaintiff, and the verdict should be for the defendant. This court has sanctioned an instruction like the one in question in a proper case. *Simmons* v. *Chicago and Tomah Railroad Co.* 110 Ill. 340, is an authority in point. But this was not a case where an instruction of that character would have been proper. There was evidence before the jury upon which a verdict for the plaintiff might rest, and when such is the case it is the duty of the court to refuse such an instruction. Had there been no evidence upon which a verdict could be predicated, or if the evidence had been so slight that the court would be bound to set aside the verdict, on motion, had one been rendered for the plaintiff, the instruction would have been proper; but such was not the fact.

It is next claimed that the court erred in refusing the defendant's third instruction, which, in substance, directed the jury, as a matter of law, that when the engineer in charge of the train which struck the deceased, saw the lanterns of the switchmen upon or near the track upon which he was running, he had the right to assume they would get out of the way of his engine before he reached them, and had the right to manage his engine on that supposition. Under the facts as established by the evidence we do not regard the instruction correct. The evidence tends to prove that the engineer was running his train at a rate of speed prohibited by law,— at the rate of twenty miles an hour, when he only had the right to run at the rate of eight miles an hour. It may be if the engineer had been running at a slow rate of speed, that he might then have assumed that the deceased might see the approach of his train, and get out of the way; but when he was running at a high rate of speed, at a place where the deceased was authorized to believe the approaching train would run only at the rate of eight miles an hour,

the engineer had no right to assume that the deceased would get out of the way.

It is also claimed that the court erred in refusing defendant's eighth instruction, which, in substance, directed the jury that it was the duty of deceased to exercise constantly the highest diligence and caution, and if, at the time of the accident, he was not in the exercise of such care and diligence, plaintiff could not recover. Where a person is engaged to work in a dangerous place, it is clearly his duty to exercise a high degree of care, in view of the dangers to which he may be exposed; but does the law require a person engaged in such service to exercise the highest diligence and caution? We think ordinary care and diligence, in view of the perils to which the person is exposed, is all that should be required,— such care and diligence as a prudent person would ordinarily exercise for his safety under like circumstances. If the rule indicated by the instruction was adopted, a person could not recover if he was guilty of any negligence, however slight. We do not understand this to be the law. We have held in many cases, that a person guilty of slight negligence may recover when the negligence of the defendant is gross in comparison with that of the plaintiff, which is slight. The instruction does not announce a correct legal principle. It is in conflict with the rule indicated in *Wabash Railway Co.* v. *Henks*, 91 Ill. 413, and in our opinion the court ruled correctly in refusing it.

The court refused defendant's sixteenth instruction, and the decision is claimed to be erroneous. The instruction, in substance, declares that it was the duty of deceased to keep a constant lookout for his safety, and if they find, from the evidence, that at the time of the accident he was not keeping a lookout, and that the injury occurred, wholly or in part, from such omission, plaintiff can not recover. It is no doubt true that common prudence required the deceased to keep a constant lookout for his safety, but whether he did so or not

was a question of fact for the jury, and not one of law to be determined by the court. The instruction, in effect, directed the jury that certain facts made out a case of negligence against the deceased, which precluded a recovery, when it was the province of the jury to determine that fact for themselves from the evidence. The ninth instruction is liable to the same objection, and for that reason, if for no other, it was properly refused.

It is also claimed that the court erred in refusing instructions Nos. 11, 14, 17 and 18, respectively. It will not be necessary to go over these instructions in detail, and point out the objections to them. There is one fatal objection to each one of them, and that is, that they each and all ignore the fact that the defendant was required to exercise care and caution in running its train. Under the instructions no care was required from the defendant whatever.

But independent of what has been said in regard to the refused instructions, there is no valid ground for claiming that the jury was improperly instructed, or that the defendant was prejudiced by the ruling of the court in the instructions. No instructions whatever were asked or given for the plaintiff, but on behalf of the defendant the court gave to the jury eight well prepared instructions, which presented all the law involved in the case, fairly before the jury. Under such circumstances, if the court had committed slight error in refusing some of the defendant's refused instructions, such errors would afford no ground for reversing the judgment.

So far as appears, after a careful examination of the whole record, the defendant has had a fair trial, and we perceive no good reason for disturbing the judgment of the Appellate Court.

The judgment will be affirmed.

*Judgment affirmed.*