FAIRBANK CANNING COMPANY

V.

ELIZABETH C. INNES.

*Action against Employer for Damages for Causing Death of Plaintiff's Husband—Agreement—Reasonable Care—Approved Appliances—Defect-ive Elevator—Negligence—Question for Jury—Practice—Declaration—In-structions.*

1. In an action to recover damages for causing the death of the plaintiff's husband, who was killed by reason of the defective construction of an elevator which he was employed to operate, it is *held:* That a certain conversation with the deceased can not be construed as an agreement on his part to take the risk of defects in the construction of the elevator, or to relieve the defendant from the duty of using reasonable care to provide such appliances for safety as were known and in general use;' that it was for the

jury to draw from the evidence the inference of care or of negligence; that the declar ation was sufficient after verdict; and that objection to it should have been taken by demurrer before trial.

2.  Upon a rehearing it is further *held:* That in the absence of proof of any other intervening cause, the giving way of the timbers and supports was of itself sufficient evidence to justify a verdict that their construction was negligent; that it was the duty of the defendant to use reasonable care and diligence in supplying, for the use of its employes, machinery which should be reasonably safe and secure; that it was for the jury to determine whether an elevator constructed without a brake was reasonably safe; that the evidence does not show a contract on the part of the deceased to assume any risks beyond those which might result from his own want of care; that there is no evidence tending to charge him with negligence; and that there was no substantial error in giving and refusing instructions.

[Opinion filed April 26, 1887.]

Appeal from the Superior Court of Cook County; the Hon. Rollin S. Williamson, Judge, presiding.

Mr. John C. Richberg, for appellant.

" Where defects in machinery or other appliances are as well known to the servant as to the master, the servant must be regarded as voluntarily incurring the risks resulting from its use, unless the master, by urging upon the servant or coercing him into danger, or in some other way, directly contributes to the injury." C., B. & Q. R. R. Co. v. Smith, 18 Ill. App. 124.

In this case there was no urging or coercing; on the contrary, the deceased was warned that he took it at his own risk, as it was; he knew just as well as the master that there was no air-brake on this elevator; as an experienced elevator man, who had made two trial trips, he could not help but know it; and if the steam-brake was taken off on the night of February 2d, he was bound to know when he took charge of the elevator on the 3d, that it was not on, and certainly before the accident occurred, as he had made numerous trips on the morning of the accident. C., R. I. & P. R'y Co. v. Lonergan 118 Ill. 41; Payne v. Reese, 100 Pa. 306; C. & N. W. R'y Co. v. Snyder, 117 Ill. 376; C., M. & St. P. R'y Co. v. Stondart, 16 Ill. App. 145; Stafford v. C., B. & Q. R. R. Co., 114 Ill. 244; C. & E. I. R. R. Co. v. Geary, 110 Ill. 383, 389.

Mr. John B. Skinner, for appellee.

*Per Curiam.* Appellant brings this appeal from a judgment of the Superior Court for $5,000, recovered by appellee for causing the death of George Innes, the husband of appellee.

It appears from the record that the deceased was employed by the superintendent of appellant to run the elevator, that he was an experienced elevator man, had run elevators for many years and was careful and competent. Within a short time after he commenced to run the elevator on the first trip he made, either the beams overhead and which bore the weight of the elevator, or the wheel over which the cable ran, broke, and the elevator was precipitated to the bottom of the shaft and Innes was killed. There is nothing to show that the falling of the elevator was due to any carelessness on the part of deceased, and from his experience and character for prudence the jury might infer the exercise by him of proper care in managing the elevator. It is in proof that there was no air-brake on the elevator and that if a proper air-brake had been upon it, the fall of the elevator would have been prevented. It further appears that a steam-brake, which was on the elevator, was removed, and it does not appear that the attention of Innes was called to the fact that there was no air or steam-brake upon it when he was placed in charge of it. So far as external appearance went, the elevator appeared to be in good condition. The superintendent told Innes when he went upon the elevator that he must look out and run at his own risk, and Innes told him not to be afraid, that he had run an elevator for twenty years. Appellant presses this with a view of showing that Innes took the risk of all danger, but we think it plain that the conversation had reference to his care and his competency and that it can not be understood as an agreement on his part that he took the risk of defects in the construction or machinery of the elevator which were unknown to him, or that it can be construed to relieve the appellee from the duty of using reasonable care to provide upon the elevator such appliances for safety as were known and in general use. The

jury is the proper tribunal to draw from the evidence the inference of care and of negligence in such cases, and when there is evidence before them which authorizes such inferences the court can not interfere.

No point is made against the instructions of the court, but counsel contends that the declaration is insufficient, and that this motion in arrest of judgment ought to have been sustained; we think the declaration sufficient after verdict. The objection to it should have been taken by demurrer before trial. C., B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; L. S. & M. S. R'y Co. v. O'Connor, 115 Ill. 254.

On the whole record, we think the judgment of the Superior Court must be affirmed.

*Judgment affirmed.*

### RE-HEARING.

BAILEY, J. This was an action on the case brought by Elizabeth C. Innes, administratrix of the estate of George Innes, deceased, against the Fairbank Canning Company, to recover damages resulting from the death of the plaintiff's intestate. The declaration alleges that the defendant, in the lifetime of said Innes, built, constructed and placed in its packing-house a certain elevator for carrying freight between the different floors of said building and placed said Innes in charge of it; that said elevator was built, constructed and placed by the defendant in so careless, negligent and wrongful a manner, that while said Innes was, with all due care and diligence, in said elevator and running the same, said elevator or portions of it, without any fault on his part, was and became broken and displaced and gave way, thereby precipitating said elevator from the upper floor of said building to the basement and causing the death of said Innes. At the trial the jury found the defendant guilty and assessed the plaintiff's damages at $5,000, and for that sum and costs the plaintiff had judgment.

The ground upon which the defendant chiefly relies for a reversal of the judgment is, that the verdict is unsupported by the evidence. It appears that in the latter part of January,

1885, the defendant employed the Ellithorpe Air Brake Company to re-construct its freight elevator, using, in so doing, the cage belonging to the former elevator. On the 2d day of February, 1885, said elevator was turned over to the defendant as ready for use, and on that day the defendant employed Innes to take charge of and run it. At 7 o'clock the following morning Innes was put in charge of the elevator, and commenced operating it, carrying freight between the different floors of the building. After he had been running it about an hour, the cage fell from the top to the bottom of the elevator shaft, causing the death of Innes almost instantly. After the cage had fallen, it was found that all the timbers at the top of the shaft upon which the cage was suspended, had come down, three of them having lodged part way up the shaft and the residue being at the bottom; that the wheel over which the cable ran was broken, the fragments lying in the cage, and that the cable itself was broken. The cage had previously been supplied with a steam-brake, but said brake had been removed from it the evening before Innes took charge of the elevator, and it does not appear that he was informed of its removal or that he was aware of its absence. The evidence also tends to show that if the elevator had been supplied with an air-brake the cage would not have fallen.

It is insisted that the evidence fails to establish negligence on the part of the defendant. As we have seen, the negligence charged was in the construction of the elevator. In the absence of proof of any other intervening cause, the giving way of the timbers and supports upon which the elevator cage was suspended was, of itself, evidence of negligence in the construction of those supports, and justifies a verdict that their construction was negligent.

There is one circumstance, however, testified to by one of the defendant's witnesses which is relied upon as tending to show an intervening cause for the giving way of said timbers. That witness testifies that, after the cage had fallen, he noticed " a casting from the top of the cage stuck on top of the timbers," and it is argued that the cage must have been run up against said timbers so as to throw them out of their places and cause

them to fall. Such inference might perhaps have been warranted if it had appeared that the timber in which the casting was found imbedded was one of those which had lodged in the shaft and had not fallen to the bottom. This, however, is not shown, and in the absence of specific information from the witness on this point, we are at liberty to assume that it was one of the timbers which was found at the bottom of the shaft lying in or upon the cage. It is much more probable, then, that the casting became imbedded in the timber by the timber's falling upon the cage than by the cage being run up against the timber.

There is also ground for charging the defendant with negligence in having the elevator constructed without a proper and sufficient brake. A steam-brake which is shown to have been a very considerable safe-guard against accident, had been taken off, and an air-brake, an appliance which, as it seems, would have completely protected the cage against any liability to fall, had not been supplied. It was the duty of the defendant to use reasonable care and diligence in supplying, for the use of its employes, machinery which should be reasonably safe and secure, and it was for the jury to determine whether, under all the circumstances, an elevator constructed without any brake was reasonably safe, within this rule.

But it is claimed that Innes expressly undertook to take charge of and run the elevator at his own risk. It appears that Innes was hired by the defendant's engineer and there is no evidence that, at the time he was employed, there was anything said between him and the officer who employed him, in relation to the assumption by him of any of the risks incident to his employment. After he was hired, however, and before he took charge of the elevator, the defendant's superintendent had a conversation with him in the presence of the engineer, in which the superintendent, as he testifies, told Innes that he was to run the elevator at his own risk; that the company would stand no responsibility whatever; that it was a new elevator and they wanted him to take good care of it, and anything that happened to him, he was responsible for himself; that the company would positively not be responsible for any-

thing; that Innes replied: " You know me long enough; I have been at work in the stock yards for twenty years, and I have run elevators off and on, and you must not be afraid of me;" that the superintendent replied: " If that is the case you go ahead and take care." Taking this evidence all together, it is very clear that it does not show a contract on the part of Innes to assume any risks, or at least, none beyond those which might result from his own want of care.

We are of the opinion that there was no evidence tending to charge Innes with negligence. He is shown to have been competent, experienced and careful in the running and management of elevators, and no act of carelessness or imprudence is shown. We have already considered the theory that he allowed the cage to run up against the beams from which it was suspended, and found that such theory has no substantial basis in the evidence.

We find no material error in the instructions to the jury. No instructions were given at the instance of the plaintiff. A large number were asked on behalf of the defendant, of which a considerable number were given, and we think the law applicable to the case was adequately stated in the instructions given. The propositions of law stated in one or more of the instructions refused are perhaps not open to serious criticism, but said instructions are abstract in form, and it was therefore wholly discretionary with the court to give or refuse them.

After diligently examining the record and giving the arguments of counsel careful consideration, we are unable to find any material error. The judgment will be affirmed.

*Judgment affirmed.*