The St. Louis, Alton and Terre Haute Railroad Co.

*v.*

E. J. Eggmann, Admr..

*Filed at Mt. Vernon April 1, 1896.*

| 161 | 155 |
|---|---|
| 70a | 679 |
| 161 | 155 |
| 170 | 540 |
| 71a | 38 |
| 161 | 155 |
| 93a | 485 |
| 161 | 155 |
| 97a | [1]600 |
| 161 | 155 |
| 198 | [2]218 |
| 161 | 155 |
| 103a | 139 |
| 161 | 155 |
| 113a | 44 |

1. APPEALS AND ERRORS—*sufficiency of pleadings on appeal.* The insufficiency of an averment of a declaration cannot be first questioned on appeal.

2. EVIDENCE—*an objection to evidence not made at trial is waived.* An objection to evidence is waived by not interposing it upon the trial.

3. SAME—*presumption that ordinances once passed remain in force.* Ordinances shown to have been passed prior to a certain day will be presumed to have been still in force upon that day, in the absence of evidence to the contrary.

4. MASTER AND SERVANT—*what is not, per se, negligence of railroad employee.* A railroad policeman is not guilty of negligence, *as a matter of law,* contributing to his death, by being struck by an engine while standing near the track loading his revolver, with his back to such engine.

5. SAME—*liability of master to servant working in a dangerous place.* A master may be liable for injuries to an employee working in a dangerous place although the injury is not willfully inflicted.

6. SPECIAL FINDINGS—*questions calling for evidentiary facts properly refused.* In an action for the death of a railroad employee struck by an engine, special interrogatories as to whether he knew the place where he was struck was a dangerous place to work, and was loading his revolver when he was struck, are properly refused, as calling for evidentiary, and not ultimate, facts.

*St. L., A. & T. H. R. R. Co.* v. *Eggmann,* 60 Ill. App. 291, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. Canby, Judge, presiding.

TURNER & HOLDER, for appellant:

In performing the duties of his place a servant is bound to take notice of the ordinary operation of familiar natural laws. He is bound to use his eyes to see that which is open and apparent, and if he fails to do so he cannot charge the consequences upon the master. *Rail-*

*road Co.* v. *Flanagan,* 77 Ill. 365; *Stafford* v. *Railroad Co.* 114 id. 247, and authorities; 14 Am. & Eng. Ency. of Law, 842.

A servant who accepts a dangerous employment knowing it to be dangerous, and remains therein without objection, takes all the risk pertaining thereto. *Pressed Brick Co.* v. *Sobkowiak,* 38 Ill. App. 537; *Railway Co.* v. *Britz,* 72 Ill. 259; *Railroad Co.* v. *Keefe,* 47 id. 108; *Simmons* v. *Railroad Co.* 110 id. 346.

The introduction of the ordinances in evidence was improper, because there was no evidence that the ordinance as to ringing a bell and rate of speed was in force at the time of the accident. *Railroad Co.* v. *Feehan,* 149 Ill. 211; *Railroad Co.* v. *People,* 120 id. 671.

Cautionary signals are only for strangers crossing tracks, and not for employees. *Roden* v. *Railway Co.* 133 Ill. 72; *Railway Co.* v. *Eininger,* 114 id. 79; *Railroad Co.* v. *Hetherington,* 83 id. 512.

The law is well settled in this State, that when a person of an age capable of discretion and of appreciating the risks of the work he is engaged in, is injured by reason of his inattention to his surroundings, he will not be permitted to recover. *Railway Co.* v. *Sweeney,* 52 Ill. 325; *Railway Co.* v. *Donahue,* 75 id. 106; *Austin* v. *Railroad Co.* 91 id. 38; *Railroad Co.* v. *Johnson,* 103 id. 521; *Clark* v. *Railroad Co.* 92 id. 43 ; *Aerkfetz* v. *Humphreys,* 145 U. S. 418 ; *Milling Co.* v. *Spehr,* 145 Ill. 329; *Elliott* v. *Railway Co.* 150 U. S. 245; *Ragon* v. *Railway Co.* 97 Mich. 265.

A. R. Taylor, and Wise & McNulty, for appellee :

Under the statute (1 Starr & Curtis, chap. 24, par. 66, p. 474,) the ordinance was proved by either the book or by the certificate. This statute has been construed, and we need only cite *Lindsay* v. *Chicago,* 115 Ill. 120, and *Railroad Co.* v. *Voelker,* 129 id. 540.

The presumption prevailing is, that when a fact is shown to exist it continues until shown to have ceased. *Butler* v. *Chapin,* 28 Ill. 234.

The court properly refused to give the first and second interrogatories requested by the defendant. They called for a finding of evidentiary facts. The following cases are conclusive as to this point: *Railroad Co.* v. *Monks*, 52 Ill. App. 629; *Railway Co.* v. *Dunleavy*, 129 Ill. 133; *Railroad Co.* v. *Voelker*, 129 id. 540.

An ordinance regulating the rate of speed of railroad trains in a city is not limited to such parts of it as are used by the public. It applies to switch yards. *Crowley* v. *Railway Co.* 65 Iowa, 658; *Railroad Co.* v. *O'Conner*, 115 Ill. 255; *Dunleavy case*, 129 id. 133.

Mr. JUSTICE BAKER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the city court of East St. Louis for the sum of $5000, against appellant and in favor of appellee, as administrator of the estate of Edward O'Connell, deceased. The declaration is a single count, containing three distinct charges of negligence. The first, carelessness and recklessness in running the engine of appellant without looking out for persons upon the track, and especially for the deceased, and without giving any signal of the approach of the train. The second, violation of a city ordinance which required the bell of every engine running upon a track in the city to be rung continuously, and the third, violation of another ordinance which prohibited the running of an engine within the city at a greater rate of speed than ten miles an hour. A general demurrer to the declaration was filed and overruled. Appellant then pleaded the general issue.

It appears that deceased had been for some time in the employ of appellant as yard clerk and watchman, with the powers of a policeman, at the city of East St. Louis. On the morning of May 2, 1893, one of appellant's engines was sent to Pinckneyville for purposes of extra work, and deceased rode on the engine as far as the lumber yard in East St. Louis, and then alighted from it. He

walked some little distance in the direction from which he had come, and then, standing near the track with his back to the engine, was engaged, for the next few minutes, either in taking the car numbers or in loading a revolver. Meanwhile the engineer, finding the main track blocked with cars, backed the engine, by direction of the yardmaster, that he might run upon a side-track and proceed around the obstruction, instead of waiting for the main track to be cleared. The engine backed down the track and ran into the deceased while he was engaged as above indicated, inflicting upon him the injuries from which he died a few hours later.

That the deceased met his death through the negligence of appellant's servants, while himself in the exercise of due care, has been conclusively established by the judgments below.

At the trial appellee read in evidence, over the objection and exception of appellant, sections 583 and 584 of the ordinances of the city of East St. Louis. Section 583 prohibited the running of passenger trains or cars within the limits of the city at a greater rate of speed than ten miles an hour. Section 584 required the bell of every locomotive engine to be rung continually while running upon any railroad track within the city. Several reasons are urged why these ordinances were not competent evidence.

*First*—It is said that there is no proper averment in the declaration that at the time deceased met his death there was in force in the city of East St. Louis an ordinance prohibiting any locomotive engine to be run at a greater rate of speed than ten miles an hour. There is an averment that the conduct of defendant's servants in running the engine at a greater rate of speed than ten miles an hour, in violation of the ordinance of the city of East St. Louis, contributed directly in causing the death of the deceased. Appellee had the right to prove the averments of his declaration. If this averment is insuf-

ficient, it is too late now, after verdict and judgment, to complain of it.   (*Lake Shore and Michigan Southern Railway Co.* v. *O'Conner*, 115 Ill. 254.)   However, appellant must be considered as having waived any such objection to the admission of the ordinance in evidence, for when offered no objection was made to its competency on that ground. *Terre Haute and Indianapolis Railroad Co.* v. *Voelker*, 129 Ill. 540.

*Second*—It is said that neither of said ordinances applies to this case, because deceased was an employee of appellant, working in the company's yards.   Such is not the law.   (*Illinois Central Railroad Co.* v. *Gilbert*, 157 Ill. 354.) This objection, however, like the first, must be considered as waived, for it was not interposed at the trial.

*Third*—It is said that there is no certificate that the ordinances were in force on the day the deceased was killed.   The record shows that this is the specific ground upon which appellant objected to the competency of the ordinances as evidence.   The ordinances in question were contained in a printed book of ordinances purporting to have been published by authority of the city council. The book contained also the certificate of the city clerk, under the corporate seal, certifying that the ordinances were passed on February 20, 1889, approved by the mayor February 21, 1889, and published March 2, 1889.   This, under the statute, proved the passage of the ordinances. It having been shown that the ordinances were passed prior to the day on which deceased was killed, the presumption is that they were still in force at that date, for when a fact or state of things is once shown to exist, the presumption is that the fact or state of things continues to exist, as before, until the contrary is shown or until a different presumption is raised.   (Greenleaf on Evidence,—15th ed.—sec. 41.)   If either of the ordinances had been repealed by a later ordinance, then, after the plaintiff closed his case, such later ordinance could have

been introduced in evidence.    *Illinois Central Railroad Co.*
v. *Gilbert, supra.*

The necessary conclusion is, that the trial court com-
mitted no error in admitting the ordinances in evidence.

The only objection made to the rulings of the court in
giving plaintiff's instructions is, that the instructions
stated the law upon the question of fellow-servants,
when, as it is claimed, that question was not in issue on
the trial of the case.    The question was in issue under
the pleadings.    The declaration averred that deceased
and those who caused his death were not fellow-servants,
and the general issue required proof of this averment to
be made.    Appellant admits the evidence showed that
deceased and the engine crew were not fellow-servants,
and does not deny that the instructions stated the law
correctly, but contends that the instructions had a tend-
ency to draw the attention of the jury from principal
and contested to minor and undisputed points.    We do
not agree with appellant's counsel, and find no force in
this objection.

But two instructions were asked by defendant, and
it is contended that the court erred in refusing to give
them, and also in refusing to give the first and second
special interrogatories asked by it.    The first of said in-
structions told the jury that the master is not liable, in
any case, for an injury to an employee working in a dan-
gerous place, where the injury was not willfully inflicted.
The second, that if deceased was loading his revolver
when he was struck by the engine he was guilty of neg-
ligence, and there could be no recovery for his death.
Neither instruction stated the law.    (*Lake Shore and Michi-
gan Southern Railway Co.* v. *O'Conner, supra.*)    Deceased was
an employee of appellant, and rightfully in its yards.    He
was a policeman, and, as such, might lawfully load his
pistol without necessarily being guilty of negligence.
Whether or not it constituted negligence was a question

for the jury to determine, under all the circumstances of the case.

The refused interrogatories were as follows: "Did the deceased know that the place where he was struck was a dangerous place to work?" and "Was the deceased loading his revolver when he was struck?" Both of these interrogatories were properly refused. They called for evidentiary, and not ultimate, facts. If they had been submitted and answered affirmatively, the answers would not have been contradictory to the general verdict. *Chicago and Northwestern Railway Co.* v. *Dunleavy*, 129 Ill. 132; *Terre Haute and Indianapolis Railroad Co.* v. *Voelker, supra.*

We find no error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*