Henry Kohler et al., Appellee, v. City of Kewanee, Appellant.

Gen. No. 9,937.

October term, 1943.

Heard in this court at the
Opinion filed February 6, 1944.

THOMAS J. WELCH and VERA M. BINKS, both of Kewanee, for appellant.

J. P. WILAMOSKI, ANDREWS & ANDREWS and YOUNG & YOUNG, all of Kewanee, for appellees.

MR. PRESIDING JUSTICE Dove delivered the opinion of the court.

The City of Kewanee has appealed from a judgment against it by the city court of that city in favor of seventeen firemen and fifteen policemen, for the difference between the respective amounts paid them as salaries, and the amounts, at $150 per month, prescribed by the Minimum Salaries Act of 1937, for firemen and policemen in cities of the size of Kewanee (Ill. Rev. Stat. 1939, ch. 24, pars. 860–a, 860–b, 860–c, 860–d.) The claim of several of the appellees cover the period from July 13, 1937, the effective date of the acts, to February 19, 1942, and the claims of the other appellees cover shorter periods of time. The cause was tried by the court without a jury.

The city adopted the Commission Form of Government Act in 1911 and has ever since operated thereunder. It has never adopted the act regulating civil service in cities, nor the Fire and Police Commissioners Act. The last ordinance of the city fixing salaries

of firemen and policemen was adopted on February 1, 1937, and provided for salaries of firemen at $95 per month and policemen at $100 per month. There was no ordinance or resolution in effect limiting the number of firemen or policemen when the Minimum Salaries Acts went into effect on July 13, 1937.

The first section of the Firemen's Minimum Salaries Act, as in effect during the periods in controversy, provided:

"The word 'firemen' means any member of a regularly constituted fire department of a city, village or incorporated town, appointed or commissioned to perform fire fighting duties, and includes the fire chief, assistant fire chief, captain, engineer, driver, ladder man, hose man, pipe man, and any other member of a regularly constituted fire department."

The first section of the Policemen's Minimum Salaries Act provided:

"The word 'policeman' means any member of a regularly constituted police department of a city, village or incorporated town, sworn and commissioned to perform police duties, and includes the chief of police, assistant chief of police, chief of detectives, captains, lieutenants, sergeants, plain clothes men and patrolmen."

Prior to the general revision of the Cities and Villages Act in 1941, the only statute which provided that members of the fire or police departments are officers of a municipality, was section 12 of the Fire and Police Commissioners Act (Ill. Rev. Stat. 1939, chap. 24, par. 854), and it was applicable to only such municipalities as adopted the act, and is therefore, not pertinent here. Section 4 of art. 6 of the Cities and Villages Act (Ill. Rev. Stat. 1939, ch. 24, par. 87) required the taking and subscribing of an oath by all city and village officers, and the furnishing of a bond by the mayor, commissioners, clerk, treasurer, "and such other officers and employees as the council may designate by ordi-

nance." Similar statutory provisions are embodied in the 1941 revision of the Cities and Villages Act.

Sections 2 and 3, art. 1, ch. 4 of the 1929 ordinances of the city create the office of chief of police, and provide that "he shall take the oath prescribed for all city officers, and enter into bond in the penal sum of $1000.00." Sections 1, 2 and 3 of art. 4 create the office of "chief fire marshal" with like provisions as to oath and bond. Sections 1, 2 and 3 of art. 3 create the office of police patrolman, with like provisions except as to the amount of the bond. No ordinance in evidence creates the office of fireman or prescribes the taking of an oath or the furnishing of bond by any fireman.

The testimony shows that appellee Albert Stuhlsatz and appellee Frank Schlindwein were first elected by the city council, on May 6, 1935, as chief of the fire department and chief of police, respectively, and that their bonds were approved at the same meeting. They were again elected to the same respective offices and again took the oath of office and furnished bond on May 6, 1939. One of the appellee policemen, appointed about May 1, 1935, testified that he and all the other policemen then hired, naming ten other appellees, took the oath of office orally at the same time. He and five other appellee policemen testified that they, the witnesses, also furnished bond. The appointments of May 1, 1935, of fourteen appellee firemen and twelve appellee policemen were confirmed by the city council on September 16, 1935. Twelve appellee firemen were reappointed in May, 1939, and two other appellee firemen were appointed on July 18, 1939. The record shows written oaths of nine appellee police patrolmen, dated February 3, 1941, and two appellee police patrolmen, dated February 15, 1941. The city clerk testified he thought there were one or two other oaths in his office, and upon being recalled, said the girls in the

office told him they had given all that were on file to the bailiff, and no other written oaths were introduced in evidence.

Counsel for appellant claims that there is no allegation in the complaint that a regularly constituted fire department or police department was ever established by ordinance. Only two counts of the complaint, one of them relating to one fireman, and the other to one police patrolman, are abstracted. The fireman count abstracted alleges: "Plaintiff was, on July 13, 1937, appointed, employed and authorized by the said City of Kewanee as a fireman and a member of the regularly constituted fire department of said city." The policeman count abstracted contains similar allegations. These allegations were specifically traversed by the answer. Ordinances of the city introduced in evidence provide that the "Fire Department" shall consist of one chief and a specified number of firemen, with similar provisions as to the "Police Department." The commissioner to whom such appointments were committed testified that he appointed each of the appellees, and that each of the firemen were employed as members of the regularly constituted fire department of the city from May, 1939, through and including the year 1942. Under such circumstances, the defect in the complaint was cured. (*Lake Shore & M. S. Ry. Co. v. O'Conner,* 115 Ill. 254; *Plew v. Board,* 274 Ill. 232.)

Appellant's contention that the trial court erred in denying its motion to strike the counts setting up the claims of appellee firemen Mauritz Bengson and Stephen Polowy, on the ground that such claims are barred by a previous judgment in a suit instituted by them against the city and its officers, is equally without merit. The amended complaint in that case consisted of three counts, the first two of which sought a money judgment. The third count was for a writ of

mandamus compelling the payment of the difference between the amounts received and the salary prescribed by the Fireman's Minimum Salary Act. The first two counts were stricken for insufficiency on motion of the defendants, the motion was denied as to the third count, and the writ was ordered to be issued. Upon an appeal by the defendants to the Supreme Court, no cross error was filed by the plaintiffs, and the judgment awarding the writ was reversed because of the insufficiency of the allegations of the third count to establish the right to the writ. (*Bengson v. City of Kewanee,* 380 Ill. 244.) In the course of the opinion on page 254, the court said: "By the first and second counts in the amended complaint in this case, appellees sought to establish the alleged debts. These counts asked for a money judgment. The court sustained the motion to strike these counts because of the insufficiency of the allegations therein contained. By this action the court refused to establish the claims as money judgments. The judgment striking these counts has become final. No appeal was taken therefrom."

As shown by this language, there was no adjudication of the claims for a money judgment, but the two counts on such claims were stricken merely for insufficiency of the allegations therein. The issue thereunder, on appeal, if a cross error had been assigned, would have been, not on the merits of the claims for a money judgment, but merely on the procedural question of the sufficiency of the allegations of the first two counts. There being no appeal from the order striking them for insufficiency in allegations, the judgment, as pointed out by the Supreme Court, became final on that question, but neither the opinion nor any rule of law makes it final on the merits. The Supreme Court took this view. in its suggestion on page 255: "If appellees have any claims against the City of Kewanee, they should first have those claims ascer-

tained and established. Ordinarily, this is done by way of a judgment at law.'' The trial court did not err in refusing to strike these counts.

Appellant further contends that appellees cannot recover because they have failed to establish that they were officers *de jure* during the periods in controversy. Appellees take the position that it is immaterial whether they were officers or employees, so long as they were members of a regularly constituted fire or police department, and state that they seek only the minimum salary provided by statute as members of regularly constituted fire and police departments, and not the salary of an officer.

Under the provisions of the statutes and the ordinances mentioned, it seems clear that the chief of the fire department, the chief of police and all patrolmen are officers of the city. Firemen are treated as city officers in *People ex rel. Moshier v. City of Springfield,* 370 Ill. 541, 556.

If, as claimed by appellant, none of the appellees was an officer *de jure,* the question is whether, being officers *de facto,* they can recover, not as such officers, but as members of the respective departments. While there is ordinarily a distinction to be observed between officers and members of an organized body, the two Minimum Salaries statutes here involved make no such distinction, but, on the contrary, they include as members those who are ordinarily officers. We think the term ''member'' of a regularly constituted fire or police department is broad enough to cover a member claiming as such, although he is an officer *de facto.* Being an officer *de facto* does not deprive him of being a member, and being a member is all that either of the two statutes requires, regardless of whether he is also an officer. Each of the appellees is, in our opinion, a ''member'' of the fire department, or the police department, within the meaning of the statute.

It is well settled that no municipal ordinance can add to, subtract from, modify or affect the provisions of a statute. It is a familiar principle of the law that statutes in *pari materia* must be construed together, and in the light of that principle, although appellant may require an oath and bond of every officer and employee, and fix their compensation, such powers are subject to the limitation in the Minimum Salaries Acts, that such salaries shall not be less than the amounts therein specified.

Appellant also relies upon the fact that ordinances passed July 8, 1941, purported to discharge the chiefs and members of the fire and police departments as of 12:15 o'clock p. m. of that day, and authorized the appointing authorities to hire such persons as were necessary to manage the departments as temporary employees from 12:30 o'clock p. m. of the same day; and that the record does not show any reappointment. The answer to this contention is that the record does not show that any of the appellees was ever notified that he was discharged, and each of them was continued in his employment for the times alleged in the complaint, as a regular member of his department, without interruption or change in compensation.

Ordinance No. 1116 of the city, effective July 31, 1939, provided for one fire chief, fourteen firemen, one police chief and eleven policemen; and Ordinance No. 1143, effective May 10, 1941, provided for one fire chief, ten firemen, one police chief and nine policemen. This latter ordinance was in effect during the remainder of the period covered by this suit. Appellant claims that during this period it is alleged by appellees that one fire chief and twelve firemen served the whole period, one fire chief and fourteen firemen served part time, and during the same period one chief of police and ten policemen served, and for part of the time eleven policemen served; that the city had the right to limit the number of firemen and policemen by ordi-

nance, which could not be changed except by another ordinance, and that it cannot be determined which of the firemen and policemen came within the terms of the ordinances. The abstract sets out the claims of only one fireman and one policeman as to time of service, and makes no showing as to whether any of the other firemen or policemen makes such a claim for the periods mentioned, and this court is not required to search the record in order to find some ground to reverse a judgment. This applies also to appellant's contention that certain named appellees did not serve during certain periods and that their reappointment is not shown.

Appellant does not claim that any of the appellees did not serve as fireman or as a policeman for the respective periods alleged in the complaint. Each of the appellees as disclosed by this record was a member of the fire or police department within the meaning of the Minimum Salaries Acts, and, as such member, is entitled to its benefits and the salary thereby provided.

The judgment of the circuit court was correct and is affirmed.

*Judgment affirmed.*