THE EAST ST. LOUIS CONNECTING RAILWAY COMPANY

*v.*

E. J. EGGMANN, Admr.

*Opinion filed December 22, 1897.*

1. RAILROADS—*employees entitled to protection of city ordinance regulating the movement of trains.* An employee of a railroad company, working in its private grounds within city limits, is entitled to the protection of ordinances regulating the speed of trains within city limits and providing for the ringing of the bell on moving engines. (*Illinois Central Railroad Co.* v. *Gilbert,* 157 Ill. 354, followed.)

2. EVIDENCE—*ordinance alleged to have been violated by railroad company is admissible.* Where the negligence charged against a railroad company for causing the death of one of its employees is the violation of a city ordinance regulating the movement of trains within city limits, the ordinance is admissible in evidence, as proof of its existence is a necessary part of plaintiff's case.

3. INSTRUCTIONS—*when instruction is not ground for reversal though not in approved form.* An instruction which sums up the facts assumed to be necessary to support an action, with the conclusion that if the jury find such facts to be established to find for the plaintiff, is not ground for reversal if no material fact necessary to the right of recovery is omitted. But the practice of so framing an instruction is not approved.

4. SAME—*when instruction in action for negligence is properly modified.* In a suit against a railroad company for causing the death of an employee who was struck by an engine, an instruction to the effect that if the jury believe that the deceased would not have been struck had he not changed his position then no recovery could be had, is properly modified by leaving the circumstance to be considered by the jury in determining whether the deceased was guilty of contributory negligence.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

CHARLES W. THOMAS, for appellant:

Section 68 of chapter 114 of the Revised Statutes requires a bell to be rung at least eighty rods from every public highway crossing. This provision is peremptory,

but as this statute was passed for the benefit of the public who traveled the highways, no person can invoke it except he is using the highway. *Railroad Co.* v. *Neikirk,* 15 Ill. App. 172; *Williams* v. *Railroad Co.* 32 id. 339; 135 Ill. 491.

An ordinance providing that flagmen be kept at street crossings and the locomotive bell continuously rung is not intended for employees, and its breach can only be taken advantage of by the public, whom it is intended to protect. *Railroad Co.* v. *Kirksey,* 60 Fed. Rep. 999.

J. M. FREELS, and A. R. TAYLOR, for appellee:

A legislative body, as the agent of the people, has power to pass police regulations for the protection of the lives and limbs of the people. *Lake View* v. *Tate,* 130 Ill. 254; *Partlow* v. *Railroad Co.* 150 id. 321; *Dugan* v. *Railroad Co.* 42 Ill. App. 536; *Railroad Co.* v. *Eggmann,* 161 Ill. 159; *Railroad Co.* v. *Gilbert,* 157 id. 355.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action on the case by appellee, as administrator of Joseph F. Newland, deceased, against appellant, for negligently causing the death of his intestate, under the provisions of sections 1 and 2 of chapter 70 of the Revised Statutes. Upon a trial in the city court of East St. Louis the plaintiff recovered a judgment for $3500 and costs of suit. On appeal to the Appellate Court for the Fourth District that judgment was affirmed, and the defendant below now prosecutes this further appeal.

The declaration charges that while the deceased was in defendant's employ as a carpenter, constructing a drain near or under defendant's track, on the bank of the Mississippi river, in East St. Louis, the defendant's employees in charge of one of its engines attached to freight cars negligently and carelessly ran the same upon him, thereby so injuring him that he died. It is charged that he was not a fellow-servant with those in charge of the engine,

and that he was in the exercise of due care for his own safety. The negligent acts charged against the servants controlling the engine are, that it was being run at a rate of speed exceeding six miles per hour, contrary to an ordinance of the city of East St. Louis, and that in violation of a like ordinance it was being run without ringing a bell upon the same, these acts of negligence being within the city limits of the city of East St. Louis, and causing the alleged injury. It is then further alleged that said Newland left surviving him a widow, Mary S. Newland, his next of kin, and left no children, and that said widow, by his death, was deprived of her means of support, etc.

The substantial grounds of reversal insisted upon here were all considered, and, we think, correctly decided, by the Appellate Court, as stated in its opinion. We concur in the views expressed in that opinion, and shall only notice a few of the points urged here for a reversal.

The first of these, in natural order, is, that the declaration states no cause of action, and therefore the trial court erred in overruling the defendant's motion in arrest of judgment. The ground of this position is, that the ordinance which the defendant is charged in the declaration with having violated was only intended to protect the public against the danger of moving trains and locomotives at public places, and could have no legal application, as between the railroad company and its employees, to locomotives being run in the company's private grounds. This same question was presented for decision in *Illinois Central Railroad Co.* v. *Gilbert*, 157 Ill. 354, and decided adversely to the contention here urged. That case was cited and followed in *St. Louis, Alton and Terre Haute Railroad Co.* v. *Eggmann*, 161 Ill. 155. We have given due consideration to the argument urging the overruling of these decisions, but find no sufficient reason for so doing. The power of the municipality to pass the ordinance, as reasonably tending to protect persons against injury, is not seriously questioned, and we can see no good reason for

holding that a person should be deprived of that protection merely because he is at the time an employee of the company, working in its yards or other private grounds. The declaration stated facts which, if proved, entitled plaintiff to recover.

Objections were made to the introduction of the ordinance, the principal objection being the same as that made to the sufficiency of the declaration, and it follows, from what has already been said, they were properly overruled. The ordinance being the basis of plaintiff's cause of action, proof of its existence was a necessary part of his case.

It is insisted that the giving of plaintiff's first instruction was reversible error, the objection stated being, that it assumes the existence of certain material facts necessary to plaintiff's right of recovery. We agree with the Appellate Court that this is a misapprehension as to the purport of the instruction. It is a summing up of the facts assumed to be necessary to support the action, with the conclusion that if the jury find these facts to be established by the evidence their finding should be for the plaintiff. We have time and again condemned the practice of giving such instructions, and do not wish now to be understood as retracting or modifying anything which we have previously said in that regard. Such a method of presenting a cause of action or defense, under the guise of instructing the jury as to the law of the case, is not to be approved. It has, however, been the uniform rule of decision in such cases, that where an instruction of that character omits no material fact necessary to the right of recovery a reversal will not be ordered because of its having been given. We are inclined to concur with the Appellate Court in holding that the giving of plaintiff's first instruction in this case was not reversible error.

Appellant has no just ground of complaint of the modification of its third instruction. We do not regard the modification as prejudicial error. As asked, the instruc-

tion should have been refused altogether. It was argumentative, and ignored the real issue in the case, namely, whether the defendant was guilty of the negligence charged in the declaration, thereby causing the alleged injury to the deceased while he was in the exercise of due care. It did not, as contended, instruct the jury that if the injury was the result of accident plaintiff could not recover, but in effect told them that if they believed that if the deceased had not changed his position as the engine approached him he would not have been struck, then, as a matter of law, his administrator could not recover no matter what care or diligence deceased was then using to avoid such change in his position. The modification of the instruction gave the defendant the benefit of all the facts upon which it based the conclusion that the plaintiff could not recover, and told the jury that the facts so stated should only be considered in connection with all the other evidence in the case in determining whether deceased was guilty of negligence which directly contributed to his injury, and if they believed, from the evidence, he was so guilty, plaintiff could not recover. We are unable to see how this modification in any way prejudiced the defense.

In our view of the case it is not important to consider whether the defendant asked such an instruction, at the proper time, to find for the defendant as brings before this court a consideration of the question as to whether the evidence tends to support the verdict and judgment below as a matter of law. If, as we have said, the declaration presented a good cause of action, the questions for the jury were very simple:—Did the evidence tend to prove that the locomotive and train were being run at a higher rate of speed than that permitted by the ordinance, or without ringing a bell, as therein required? Did that negligence directly contribute to the injury? and, Was the deceased at the time in the exercise of proper care for his own safety? It cannot be seriously contended that there

was no evidence produced upon the trial tending to establish the affirmative of each of these facts, and hence the verdict and judgment in the circuit court, affirmed in the Appellate Court, conclusively settle them.

We do not regard other grounds of reversal urged of sufficient importance to be further noticed than has been done in the reasoning and conclusion of the Appellate Court, as shown in its opinion. The judgment of that court will accordingly be affirmed.

*Judgment affirmed.*