### James Leonard v. Frank T. Kinnare, Adm'r.

1. MASTER AND SERVANT—*Master is Bound to Furnish a Reasonably Safe Place to Work.*—A master is bound to furnish a reasonably safe place for his servant to work, and if he does not he is liable, unless the servant knows, or by the exercise of ordinary care should know, the danger to which he is exposed.

2. SAME—*Whether Duty of Master to Furnish a Safe Place to Work has been Complied With, a Question for the Jury.*—In a suit by an administrator to recover damages for the death of his intestate, alleged to have been caused by defendant's negligence, this court holds that whether the placing of a beam and tackle, used by deceased in his work, as it was placed, made a reasonably safe place for deceased to work, was a question of fact for the jury to determine from all the evidence.

3. SAME—*Servant is not Bound to Test Appliances Furnished Him.*—

A servant is not bound to investigate and test the fitness and safety of appliances furnished to him by his master.

4. SAME—*Failure of Master to Furnish Safe Place to Work—Negligence of Fellow-Servant not an Excuse.*—It is the duty of a master to furnish his servant a safe place to work, and if a failure to perform this duty results in injury to a servant the rule of non-liability on the part of the master for negligence of a fellow-servant of the servant injured, if there was such negligence, has no application.

5. CONTRIBUTORY NEGLIGENCE—*A Question for the Jury.*—Whether a person who has been injured through the alleged negligence of another was guilty of contributory negligence is a question of fact for the jury, and in this case the court thinks that the evidence justified the jury in finding that there was no contributory negligence.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed March 24, 1898.

WALKER & EDDY, attorneys for appellant.

It is well settled that the master is not liable where the dangers are open to observation and no special skill is required to observe them. Cummings v. Collins, 61 Mo. 523; Williams v. Delaware, L. & W. R. R. Co., 116 N. Y. 628.

The courts have also held a servant is chargeable with actual notice of every fact which he would have known had he exercised ordinary care to keep himself informed as to matters concerning which it was his duty to inquire. Sherman & Redfield on Negligence, Vol. 1 (4th Ed.), 375; Lumley v. Caswell, 47 Iowa, 159; Cooper v. Butler, 103 Pa. 412.

The courts have uniformly held that servants assume, not only risks of employment but also those risks caused by the master's negligent manner of conducting the business, if he knows them and they are obvious to one of ordinary understanding. Hughes v. Williams, etc., R. R. Co., 27 Minn. 137; Chicago & G. Ry. Co. v. Armstrong, 62 Ill. App. 228; Sherman v. Chicago, etc., Co., 34 Minn. 259; Abbott v. McCadden, 81 Wis. 563; Hoppin v. City of Worcester, 140 Mass. 222; Benn v. Null, 65 Iowa, 407.

JAMES MAHER, attorney for appellee; A. W. BROWN, of counsel.

The duty of the master to furnish and maintain a reasonably safe place is an absolute one, and a duty that can not be delegated; the question of fellow-servants is no excuse. The foreman who erected this tackle was not a fellow-servant.   Hess v. Rosenthal, 160 Ill. 621; Mobile & O. R. R. v. Godfrey, 155 Ill. 78; St. Louis, A. & T. H. R. R. Co. v. Holman, 155 Ill. 21; Wenona v. Holmquist, 152 Ill. 591; Illinois Steel Co. v. Schymanowski, 162 Ill. 455; Pullman Palace Car Co. v. Laack, 143 Ill. 263.

A servant engrossed in his work is entitled to assume that the master has furnished him safe surroundings and a safe place to work.   Chicago & E. I. R. R. Co. v. Hines, 132 Ill. 161.

Where the master's neglect to furnish a safe place and instrumentalities is the cause of the accident, the rule of non-liability on the part of the employer for the negligence of a fellow-servant has no application.   Chicago, B. & Q. R. R. Co. v. Avery, 109 Ill. 322.

Under the repeated decisions of the courts the question of contributory negligence, if any, was one entirely for the jury.

The instinct of self-preservation and love of life, in death cases, may be taken into consideration upon the question of negligence.   Baltimore & O. S. W. Ry. v. Then, 159 Ill. 535; Illinois Central R. R. Co. v. Nowicki, 148 Ill. 29.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellee, as administrator of Michael Weir, deceased, brought suit to recover for injuries to said Weir which caused his death, and recovered a verdict and judgment for $1,200, from which this appeal is taken.

The declaration alleges that on the 14th day of October, 1895, defendant was engaged in the erection of a large iron smokestack, at the Reaper Block in the city of Chicago, and that Michael Weir, deceased, was a minor of tender years, engaged in the employ of the defendant at that place; that defendant then and there erected and operated a certain hoisting apparatus or tackle, composed of certain ropes and

pulleys and other attachments and appurtenances, in close proximity to said iron shaft or smokestack. And the defendant "then and there, carelessly, negligently, wrongfully and improperly so placed, attached, adjusted and operated said hoisting apparatus or tackle, together with the ropes and tackle and appliances thereof, in such manner as to permit the said hoisting apparatus or tackle to come in contact with and be caught and entangled with a certain heavy iron shutter on or about one of the windows of said Reaper Block, said shutter then and there being over and above the place where said Michael Weir, deceased, was then and there rightfully working, and while he was using due care and diligence about his own safety, and the said iron shutter was then and there by means of the premises aforesaid then and there pulled and detached or precipitated down to and upon the head and body of said Weir, deceased," causing his death.

The only assignment of error relied on is that the evidence is not sufficient to support the judgment. The evidence shows, in substance, the following:

October 14, 1895, appellant, a contractor, was erecting a smokestack made of sheet iron, about five feet in diameter, against the south wall of the Reaper Block, Chicago, a building of eight stories in height, and between two tiers of windows. The stack was being put up in sections, which were brought from the shop, hoisted up by a rope and tackle, and then riveted together. Two men, Kennedy and Graney, were riveting, and Weir was their helper, heating rivets, all employes of appellant. Weir was nineteen years and eleven months of age. The building was not occupied, but was undergoing repairs, a Mr. Illsly being the contractor for the repairs, but he and his men had nothing to do with appellant or his employes.

There were many windows on the south wall of the Reaper Block, and these windows were protected by large double iron shutters swinging on hinges; a shutter, when opened straight out from the wall of the building, extended two feet nine inches from the wall, and it was the falling of one of these shutters which killed deceased.

Leonard v. Kinnare.

In order to raise the sections of the smokestack and put them in place appellant had rigged a hoisting tackle. A piece of heavy timber had been placed on the roof of the building. It projected over the roof about twenty-two inches. From the end of this timber a rope and tackle hung; this dropped down so that it came about over the center of the smokestack; the rope and tackle dropped down about between two rows of windows, and was eighteen to twenty inches from the wall.

On the day of the accident four of appellant's men, including deceased, were working at the stack. The foreman, a man by the name of Gow, was inside the stack, in a position where he could not see what was going on outside, and he had nothing to do with what deceased and the other two men were doing at the time of the accident; he had given them no orders or directions regarding the particular work they were doing, and that which they were doing they were doing in their own way, according to their own methods. The block and tackle had been put up under the directions of Gow, the foreman of appellant.

At the time of the accident the top of the smokestack was about thirty feet from the ground; it was up to the third story of the building. Weir, the deceased, was standing inside, leaning over the top, his body projecting above the top of the stack about from his waist; in other words, his legs were inside the stack while his body was up above the top. Kennedy and Graney, the other two employes of appellant, were down below on the ground, and they were hoisting a "dolly-bar," which is a big hammer with a long handle, to hold against rivets when the men were riveting. They had fastened the dolly-bar to the rope, which extended below the lowest block of the double block and tackle, and both men were hoisting away without glancing upward; at the same time Weir, the deceased, was leaning over the top of the stack, either looking to catch the hammer or helping the men below. Kennedy says Weir was pulling on the same rope with them.

The day was windy, and the shutter that fell off was open and extended out from the wall, and was about thirty feet

above Weir.   Owing to the lightness of the dolly-bar being lifted and the wind, the ropes were flapping, and so was the shutter; the flapping rope caught and jerked the corner of the shutter, knocking it down.   The knot in the rope or the block caught the shutter and lifted it off its hinges, letting it down.   It fell and struck deceased.

Both the employes of appellant and the employes of Illsly, the contractor, testified that they repeatedly fastened the shutters and made them fast with wire or with a nail, and that somebody must have opened them.   Kennedy said that he had closed that particular shutter within an hour or an hour and a half before the accident, and fastened it with rope; that the room was vacant at the time; that he could not say how it got open.   It was a common thing for the shutters to be open.

It is claimed, first, that the appliances for the work were properly placed and adjusted, and that Weir was as famil iar with the situation as any one, and worked without objection; second, that if there was negligence in operating the tackle, deceased took part in it and contributed to the negligence; third, that Weir and the two men operating the tackle with him were fellow-servants.

We think it fails to appear from this record, as assumed by the learned counsel for appellant, that the tackle and appliances were properly placed.   When the iron shutters were opened, they projected two feet and nine inches, that is eleven inches beyond the beam to which the tackle was fastened, and more than one foot beyond the tackle, which was some nearer the wall than the end of the beam. Whether this was a negligent placing of the beam and tackle is a question on which the minds of reasonably fair-minded men might well differ; or, whether the placing of the beam and tackle at all, instead of using a derrick, which would be entirely independent of the building, was negli-gent, is a like question on which reasonably fair-minded men might differ.   This beam and tackle was constructed by Gow, appellant's foreman, who, as such, represented appel-lant.   His acts were the acts of appellant.   Appellant was

bound to furnish a reasonably safe place for deceased to work, and if he did not, he is liable, unless deceased knew, or, by the exercise of ordinary care, should have known, the danger to which he was exposed. Libby v. Sherman, 146 Ill. 540; Hess v. Rosenthal, 160 Ill. 621; Illinois Steel Co. v. Schymanowski, 162 Ill. 455.

Whether the placing of this beam and tackle, as it was placed, made a reasonably safe place for deceased to work, was a question of fact for the jury to determine from all the evidence. Libby case, *supra;* Wenona Coal Co. v. Holmquist, 152 Ill. 591; Chicago & A. R. R. Co. v. Kelly, 127 Ill. 637.

Deceased was a young man, and it does not appear that he had anything to do with placing the beam and tackle. That work does not appear to have had anything to do with his work, which was to heat rivets within the stack to be used in riveting together its parts. Nor does it appear that he knew, or had sufficient experience to judge, of the danger in which he was placed by the liability of the rope or block to be caught on the opened shutters and to throw them to the ground. He was not bound to investigate and test the fitness and safety of the beam and tackle. Whether he was guilty of contributory negligence was a question of fact for the jury, and we think that the evidence justified the jury in finding that he exercised ordinary care. North Chicago St. R. R. Co. v. Wiswell, 168 Ill. 613; Chicago & E. I. R. R. Co. v. Hines, 132 Ill. 161; Illinois C. R. R. Co. v. Nowicki, 148 Ill. 29.

It being the duty of appellant to furnish a safe place for deceased to work, and if that was the cause of his death which we think the jury were justified in finding it was, the rule of non-liability on the part of appellant for the negligence of deceased's fellow-servant, if there was such negligence, has no application in this case. Chicago, B. & Q. R. R. Co. v. Avery, 109 Ill. 314.

We are of opinion that the questions of negligence in operating the tackle and of fellow-servant may be disregarded, and still there is sufficient to justify the judgment, and it is therefore affirmed.