## Harry Otstot v. The Indiana, Illinois & Iowa R. R. Co.

1. CONTRIBUTORY NEGLIGENCE—*Question of Fact.*—The question whether the parties are respectively guilty of negligence or contributory negligence, is one of fact for the determination of the jury.

2. ASSUMED RISK—*Question of Fact.*—Whether the accident was the result of an assumed risk, is a question of fact.

3. PRACTICE—*Where Court Should Not Take Case from Jury.*—The court is not justified in taking a case from the jury where the state of the proof is such that reasonable minds might reach different conclusions from the evidence offered, together with all justifiable inferences to be drawn therefrom.

4. RAILROADS—*Servants Entitled to All Rights of the Public.*—The rule is well settled in Illinois that a servant of a railroad company, though performing menial labor, like that of a section hand, whether in railroad yards or on private right of way, is entitled to all the rights offered the public, either by ordinance, statute, or general custom of the company.

5. FELLOW-SERVANTS—*Questions of Law and Fact.*—The definition of a fellow-servant is a question of law; whether a given case falls within that definition is a question of fact.

6. SAME—*Who Are.*—In order to constitute servants of the same master fellow-servants within the rule exonerating the master from liability, it is not enough that they be engaged in doing parts of some work or in the promotion of some enterprise carried on by the master not requiring co-operation or bringing the servants together or into such personal relations that they can exercise an influence upon each other promotive of proper caution in respect to their mutual safety, but it is essential that they shall be, at the time of the injury, directly co-operating with each other in the particular business in hand, or that their usual duties shall bring them into habitual consociation, so that they may exercise an influence upon each other promotive of proper caution.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of LaSalle County; the Hon. CHARLES BLANCHARD, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded. Opinion filed July 18, 1902.

ARTHUR H. SHAY, LEE O'NEIL BROWNE and BREWER & STRAWN, attorneys for appellant.

CARY & WALKER and REEVES & BOYS, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an action on the case for personal injuries inflicted upon appellant, Harry Otstot, by the appellee, the Indiana, Illinois & Iowa Railroad Company.

The injury to appellant, which was the loss of his left leg, occurred on February 7, 1900, while he was working as a section hand for the appellee, repairing tracks, about three blocks south of the depot at Streator, Illinois.

At the close of plaintiff's proof the court, on motion of the defendant, excluded all the evidence and instructed the jury to find the defendant not guilty, which was done. A motion for new trial was denied and judgment rendered against plaintiff for costs, from which he prosecutes this appeal.

The engine which inflicted the injury upon the plaintiff was approaching a street. No bell was rung or whistle sounded.

The declaration consists of five counts, each of which charges that the injury was caused by the negligent driving of the locomotive by one of its servants, not a fellow-servant of plaintiff, and while the plaintiff was in the exercise of due care and caution for his own safety. The first count contains the general charge of negligent driving; the second count charges the failure to ring a bell, sound a whistle or give any warning; the third count charges reckless and wanton negligence; the fourth count charges that defendant failed to furnish a sufficient number of servants, and was operating a locomotive with but one servant; the fifth count charges that the engineer was incompetent and reckless, and that he drove his engine recklessly.

The proof tended to show the engine was in charge of a hostler or assistant engineer, whose duty it was to take engines upon their arrival at Streator to the roundhouse, and to return them when required for the purpose of taking trains out of Streator. The plaintiff was working in a gang of four or five men under the charge of a foreman. At the time of the accident, and for some time immediately

prior thereto, he was digging trenches about the switches in the yards for the company and dipping water out with a shovel. He had his back turned to the direction from which the engine came and had been engaged in that work and in keeping that position for some time, when the engine, which started a few hundred feet from him, without any signal or warning whatever, came upon him, crushing his left leg, necessitating its amputation above the knee.

The proof further shows that there was a previous and existing general custom prevailing in the yards of the defendant company at Streator, as well as a rule of the company, not to start an engine without sounding a whistle or ringing the bell, and that there was also a general custom for the foreman of the section hands, when he was near enough, to warn the men of any approaching danger.

The hostler or assistant engineer had passed the plaintiff on foot a short time before he started the engine. The testimony of the plaintiff showed that he was so busily engaged in his work that he did not see the engineer at that time, and that he did not know where the engine was or that it had started to move until it ran over him.

The plaintiff was sixty years of age at the time of the accident; had worked for the defendant company three or four years, and had previously been engaged as a section hand by the Santa Fe road. The proof further tends to show that the hostler or assistant engineer in charge of the engine could have seen the plaintiff by leaning out of the window of the engine, but could not see him from where he was sitting. There was no fireman upon the engine at the time of the accident.

It is contended by the appellee that the action of the trial court in directing a verdict of not guilty was justified for the following reasons:

1. No negligence of the appellee was established.

2. The appellant was guilty of such contributory negligence as would bar any recovery.

3. The accident was the result of an assumed risk of the appellant's employment.

4.   Assuming that negligence on the part of the hostler, Newman, was shown, still appellant can not recover because he was a fellow-servant of Newman.

The rule that the question whether the parties are respectively guilty of negligence or contributory negligence is one of fact for the determination of the jury, is so well settled in this state, that the citation of authorities is no longer necessary.   Whether the accident was the result of an assumed risk, is also a question of fact.   Ross v. Shanley, 185 Ill. 390; City of La Salle v. Kostka, 190 Ill. 130; Western Stone Co. v. Muscial, 196 Ill. 382.   The court is not authorized in taking a case from the jury where the state of the proof is such that reasonable minds might reach different conclusions from the evidence offered, together with all justifiable inferences to be drawn therefrom.   Offutt v. Columbian Exposition, 175 Ill. 472; Martin v. C. & N. W. R. R. Co., 194 Ill. 138.

Our attention has been invited by appellee to many authorities of other jurisdictions, holding that while railroad companies were required to give certain warnings on the starting of trains, such as the sounding of the whistle and the ringing of the bell, as required by city ordinances, or statutes, or general custom of the company, yet that they owed no such duty to an employe while working for them within their yards, or on their private right of way.   It is urged that such safeguards and precautions are for the exclusive protection of the traveling public and that their employes have no right to the same.

Whether such rules prevail in the various states as claimed, has no influence upon us in determining the issues in this case.   The rule is well settled in Illinois, that a servant of a railroad company, though performing menial labor, like that of a section hand, whether in railroad yards or on private right-of-way, is entitled to all of the rights offered the public, either by ordinance, statute, or general custom of the company.   I. C. R. R. Co. v. Gilbert, 157 Ill. 354; St. L., A. & T. R. R. Co. v. Eggmann, 161 Ill. 155; E. St. L. C. R. R. Co. v. Eggmann, 170 Ill. 538.

It is finally urged that the plaintiff is barred of the right of recovery, because it is alleged that the hostler or assistant engineer was a fellow-servant of the plaintiff. If the contention is meritorious, the right of recovery is barred under the well-settled authorities of this state. The definition of fellow-servants is a question of law; whether a given case falls within that definition is a question of fact. C. & A. R. R. Co. v. Swan, 176 Ill. 424; M. & O. R. Co. v. Massey, 152 Ill. 144; I. & St. L. R. Co. v. Morgenstern, 106 Ill. 216; C. & W. I. R. Co. v. Flynn, 154 Ill. 448.

In order to constitute servants of the same master fellow-servants within the rule exonerating the master from liability, it is not enough they are engaged in doing parts of some work or in the promotion of some enterprise carried on by the master not requiring co-operation, or bringing the servants together, or into such personal relations that they can exercise an influence upon each other promotive of proper caution in respect to their mutual safety, but it is essential that they shall be, at the time of the injury, directly co-operating with each other in the particular business in hand, or that their usual duties shall bring them into habitual consociation, so that they may exercise an influence upon each other promotive of proper caution. C. & N. W. R. R. Co. v. Moranda, 108 Ill. 576, 582.

P., Ft. W. & C. Ry. Co. v. Powers, 74 Ill. 341, was an action on the case brought by Powers against the railroad company, to recover damages for a personal injury received while ditching a track in the yards of the defendant company. Powers was a section hand. The engine causing the injury was in the charge of an extra engineer or hostler whose duty it was to take engines on their arrival, to the round-house, and to bring them therefrom to be used on the road. The court seems to have construed the case as if there were no distinction between the engineer being in charge of the regular engine or a hostler or assistant engineer. We see none in principle. In that case the court held that where a servant of a railroad company employed to work on the track was run over and injured by

an engine through the carelessness of the engineer of the company, and the servant injured was not in the same line of employment as the engineer, he might recover for his injuries the same as any other person not in the service of the company, if he was in the exercise of due care for his own safety.

In C. & A. R. R. Co. v. Kelly, 127 Ill. 637, it was held that whether a servant of the railroad company killed by the construction train is a fellow-servant of those in charge of the train at the time of the accident is a question of fact, and not one of law for the court.

We hold that the evidence in this case brings it within the rule announced in Offutt v. Columbian Exposition, *supra*, and Martin v. C. & N. W. R. R. Co., *supra*, and that the trial court erred in directing a verdict of not guilty. The case was one proper for the consideration of a jury.

For the error committed in directing a verdict of not guilty the judgment of the Circuit Court will be reversed and the cause remanded.