## William H. McDoel, Receiver of L., N. A. & C. Ry. Co., v. Kate Heuermann, Administratrix.

## Gen. No. 13,657.

CONTRIBUTORY NEGLIGENCE—*what is, as matter of law.* A flagman employed to observe the movements of trains and to warn persons approaching a crossing of dangers, *held*, under the evidence in this case, guilty of contributory negligence in crossing the tracks to pick up a mail pouch and failing to keep a careful watch upon his own account, and this notwithstanding there was evidence tending to show that the train which struck him was exceeding the ordinance speed limits.

BAKER, P. J., dissenting.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIF-FORD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Reversed with finding of facts. Opinion filed May 1, 1908. Rehearing denied May 12, 1908.

**Statement by the Court.** This is an action in which appellee as administratrix seeks to recover damages from appellant as receiver of the Louisville, New Albany & Chicago Ry. Co. for the death of Peter Heuermann, who was struck and killed by the tender of a locomotive operated by said railway company.

The accident occurred about 7:55 P. M. March 23, 1897. The deceased was employed as a flagman by the Chicago and Eastern Illinois Railway Company at the crossing of Thirty-third street over the railway tracks where the accident occurred and had been so employed for a period of eight years preceding. The tracks at this place are said to be owned by the Chicago & Western Indiana Railroad Company and are used by a number of other railroad companies. There were gates at the crossing where the deceased was stationed as flagman, which he operated, and there was a flag shanty, which he occupied. The only witness who testifies to seeing the accident was one Flood, an engineer then employed by the Chicago & Eastern Illinois Ry. Co. He was working with an engine on a sidetrack west of the main tracks. A Chicago & Eastern Illinois dummy train which carried mail was approaching from the north and the deceased left his shanty and went toward the dummy train, apparently to get mail which was thrown off there, some of it falling near the east rail of number 4 track. The deceased crossed over number 3 track, picked up the mail and straightened up, standing near the east rail of number 4 track, upon which the freight train of the Louisville & New Albany railroad was then approaching. The witness Flood testifies that, seeing the freight train approaching and about 200 feet from the deceased, he blew the whistle of his locomotive, and

the engineer of the freight train then blew his whistle. There is evidence tending to show that the head-light of the freight engine was burning and the bell ringing. The deceased had previously closed the crossing gates. Instead of remaining where he was standing, or stepping back from the track upon which the freight train was approaching, the deceased started to cross over that track, in front of the advancing train, and was struck by the engine, which went three or four car lengths after it struck the deceased. The jury returned a verdict in favor of appellee, upon which judgment was entered.

G. W. KRETZINGER and L. L. SMITH, for appellant.

.WHITMAN & HORNER, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged in behalf of appellant that a flagman employed at a railroad crossing, whose duty it is to warn the public of the approach of trains, cannot recover for injuries occasioned by being struck by a train it was his duty to see and guard against; that he is bound to look out for himself as well as others, and that the Circuit Court erred in refusing to instruct the jury as requested at the close of appellee's evidence and again at the close of all the evidence to return a verdict for defendant.

There is no apparent controversy as to the facts. It appears that the deceased had for a number of years been employed as a flagman at the crossing where the accident occurred. He had previously worked on a railroad, and, so far as appears, was in good physical condition. Appellee's attorneys say that they rely "upon all the evidence" to support the contention that the deceased lost his life in consequence of negligence of the railroad company. The only specific claim of negligence, however, referred to in their briefs

is thus stated: "Employes of a railroad company may rely upon ordinances or statutes regulating the rate of speed and use of whistles and bells of railroad trains within the city and are entitled to the full benefit of such ordinances and statutes." The speed ordinance, so called, of the city of Chicago was introduced, and we find in the abstract evidence tending to show that the train which struck the deceased was "going between ten and twelve miles an hour." The ordinance provides a speed of nine miles an hour for freight trains in that district of the city. It is contended in behalf of appellant, however, that an ordinance limiting speed of railroad trains within a city cannot be relied upon by a flagman, since it is his duty at all times to be watchful and to protect the public and the trains at the crossing at which he is stationed. In Ruane v. L. S. & M. S. Ry. Co., 64 Ill. App. 359-364, it is said that "the statute is designed for the benefit of the public and not for employes of the railway whose duty it is at all times and under all circumstances to protect the public at the crossing in question. Gibson v. Leonard, 143 Ill. 182-196." In the last cited case it is held that only such persons as are intended to be benefited or protected by a statute can rely on a violation of it as giving a cause of action. In Clark v. Boston & Albany R. Co., 128 Mass. 1-4, where a flagman was struck by a train at a crossing at which he was employed to give notice when cars were about to cross the street, the court says: "The plaintiff undertook to perform a duty which he failed to perform and while thus neglecting his duty he received the alleged injury"; that "he simply failed to see what it was his duty to see and failed to give the notice he was there to give." The fact that the deceased in the case at bar received mail from a passing dummy and that he went toward the track where he was injured to pick up such mail did not, we think, relieve him from the duty to look out for trains, the duty for performance of which he was employed. The

evidence fails to show, so far as we can discover, that he was required by his employment to place himself in a position of danger to receive mail from the dummy, or that it was his duty to do so at all. In E. St. Louis Ry. Co. v. Eggman, 170 Ill. 538-540, cited by appellee's counsel, the deceased was in the employ of the railroad company as a carpenter and was constructing a drain near or under defendant's tracks. It was held that although he was an employe working in the yards or other private grounds, he was entitled to the protection of ordinances regulating speed and providing for the ringing of bells. In the case at bar, however, the intestate was a flagman of long experience, familiar with all the conditions at the crossing, and employed not to stand on the tracks or work there, but to look out for passing trains. There is evidence, as we have said, to the effect that the train in question was exceeding the rate of speed prescribed by ordinance by about a mile an hour. This evidence is necessarily based on a hasty observation of a single witness. The excess of speed, if any, was at least not great, and is not shown to have contributed to the accident.

It is urged, however, that the deceased was guilty of contributory negligence, and that at the moment preceding the accident he left a position of safety beside the track and attempted to cross in front of the freight train. The evidence is not conclusive that he was in a position of safety before he so started to cross, although the testimony of the plaintiff's witness Flood may in part bear that construction. It is said, on the other hand, by appellee's attorneys, that "ill-advised action in attempting to escape impending danger is not necessarily negligence *per se.*" It was snowing and the wind was blowing at the time. Deceased had picked up mail on number 4 track and was very near, if not on, the east rail of the track upon which the train which struck him was approaching. He made the mistake of standing still after picking up the mail, and then attempting to cross that track

in front of the engine, instead of backing away from it. This mistake in itself may not be, under the circumstances, conclusive evidence of contributory negligence; but that it was contributory negligence to place himself on or dangerously near the tracks upon which trains were liable to pass, and without keeping careful watch for trains of the various roads using those tracks and on a windy night in a snowstorm, was, we think, contributory negligence of a character which must necessarily preclude recovery.

The judgment of the Circuit Court must therefore be reversed with a finding of facts.

*Reversed, with finding of facts.*

Mr. Presiding Justice Baker dissenting.