## BONHAM, BY NEXT FRIEND, *v.* CITIZENS STREET RAILROAD COMPANY.

[No. 19,498.    Filed February 21, 1902.]

STREET RAILROADS.—*Wilful Injury.*—*Evidence.*—A judgment for defendant in an action against a street railroad company for wilfully injuring a deaf-mute thirteen years of age, at a street crossing, will not be reversed on the evidence, where the motorman testified that there were trees between the sidewalk and curb which rendered it difficult to see a person at the side of the street; that he sounded the gong at some distance from the crossing; that he first saw the boy "hopping along towards the track" when the car was fifteen or twenty feet from the crossing and sounded the gong and reversed his car as quickly as he could, and that he did not know the boy was deaf, and had no intention of hurting him.    *pp. 107, 108.*

APPEAL AND ERROR.—*Motion Directing Verdict.*—*Record.*—An assignment in a motion for a new trial that the court erred in sustaining a motion to direct a verdict cannot be considered on appeal where neither the motion or the ruling thereon nor the instruction was incorporated in a bill of exceptions or made part of the record in any other manner.    *pp. 108, 109.*

STREET RAILROADS.—*Change of Motive Power.*—*Ordinance Regulating Speed.*—*Applicability.*—City ordinances adopted in 1864 and 1876 regulating the rate of speed at which a horse-power street car company should run its cars are not applicable to the successor of such company operating its cars by electricity, although the electric company by the terms of its franchise accepted the duties and obligations imposed upon its predecessor, and the court properly excluded such ordinances from the evidence in an action against the latter company for a wilful injury.    *pp. 109–112.*

From Marion Superior Court; *J. L. McMaster,* Judge.

Action by Leon Bonham, by his next friend, against the Citizens Street Railway Company for damages for

personal injuries.    From a judgment for defendant, plaintiff appeals.    *Affirmed.*

J. F. Carson and C. N. Thompson, for appellant.

W. H. Latta, S. N. Chambers, S. O. Pickens and C. W. Moores, for appellee.

Gillett, J.—The complaint in this case charges, in substance, that the appellee wilfully injured the appellant by running an electric street car against and over him, while he was crossing the street car track of appellee at a street intersection, to appellant's damage, etc.    An issue was made by the filing of a general denial to the complaint, and a trial resulted in a verdict and judgment for appellee.    The appellant assigns as error that the court below overruled his motion for a new trial, to which ruling he duly reserved an exception.    The first question presented by the motion for a new trial is the sufficiency of the evidence to sustain the verdict.    If the verdict had resulted in favor of the plaintiff below, and if the defendant below was questioning its sufficiency as against it, it is evident that a very different question would be presented for our consideration.    It may be conceded, but we do not decide, that there was sufficient evidence to have warranted a verdict for the appellant; but the question before us now is whether the jury might, under the evidence, have found in favor of the appellee.

The appellant, at the time of his injury, was a deaf-mute, thirteen years of age.    He was injured while crossing appellee's track at a street intersection.    According to the evidence of the motorman, it was dark at the time, and the arc light that was upon one of the street intersection corners was not burning; there were trees between the sidewalk and the curb that made it difficult to see whether a person was at or near the side of the street.    The head-light upon his car also tended to obscure his view of the street, except in front of him.    He sounded the gong at some distance from the crossing.    His car was running ten or twelve miles an hour.    He first perceived the boy when his car was from fifteen to

twenty feet from the street intersection. At that time the boy was about half way between the curb line and the street, and "he was skipping and hopping along towards the track, like a boy does." The motorman further testified that as soon as he saw the boy he sounded the gong louder, and reversed his car as quickly as he could; that he did not know the boy, and did not know that he was deaf, and that he had no intention of hurting him. In material particulars the motorman's testimony is corroborated by that of the conductor. An unprejudiced jury would likely refuse to find a verdict upholding an allegation of wilfulness in a case of this kind, unless the evidence was quite persuasive that such allegation was true. The jury was justified in finding as it did if its members gave credence to the testimony of the motorman and the conductor. In many particulars these witnesses are disputed by other witnesses, but we cannot, of course, weigh conflicting evidence on appeal.

The second assigned ground for a new trial,—that the verdict of the jury is contrary to law,—has not been argued.

The third ground for a new trial is in the following words: "That the court erred in sustaining defendant's motion for an order or instruction of the court directing the jury to return a verdict for defendant." The transcript of the clerk recites that, after the introduction of all of the evidence, the appellee filed a motion that the court direct the jury to find a verdict in its favor; that the court sustained such motion, to which ruling the appellant excepted, and was given thirty days in which to make and file his bill of exceptions; and the clerk further recites in his transcript that the court did so instruct the jury. Neither appellee's said motion, nor the ruling thereon, nor the said instruction, was incorporated in a bill of exceptions, general or special, and the motion, ruling and instruction were not made a part of the record in any other manner known to the civil code. It is well settled that a cause assigned for a new trial will not be taken as true, unless the fact is made to appear in an

appropriate manner; and, as the appellee urges that the matter upon which the third ground for a new trial is based is not presented by the record, we are compelled to hold that the record does not show that the motion was made or sustained, or that the instruction complained of was given.

The last ground for a new trial is based on the rulings of the court in excluding from the evidence certain ordinances of the city of Indianapolis. The first ordinance offered in evidence, and excluded by the court below, was an ordinance of said city approved January 18, 1864, granting to appellee's predecessor in title a franchise for the construction and operation of a street railroad upon the street where the accident occurred and upon other streets. Appellant's counsel state in their brief that the purpose of offering said ordinance was to get before the jury that portion of section 12 thereof relative to a speed restriction. Said section contains the following provisions: "The cars or carriages shall be run, upon and along the tracks of such railways, in conformity with the following rules and regulations: First. No cars shall be drawn at a greater rate of speed than six miles an hour. Second. While the cars are turning the corners, from one street to another, the horses or mules shall not be driven faster than a walk. * * * Fourth. No car shall be left or remain standing on any street, at any time, unless the same is attached to a team and is waiting for passengers. * * * Eleventh. No car shall remain standing at any station more than ten minutes, except at stations for watering the horses or mules." The second ordinance offered in evidence was adopted August 14, 1876, and it purports to be an amendment of said section twelve. It is, in reality, a reënactment of said section, except that it adds a subdivision of the section, prohibiting the stopping of cars at certain points "for the purpose of changing the horses or mules from one end of the car to the other," and adds a penalty for the violation of the section. The third ordinance offered in evidence was a confirmation of the sale of the rights, priv-

ileges, and franchises by the corporation mentioned in said first ordinance to appellee, and it is provided in said third ordinance that said confirmation is "subject to all of the duties, conditions, and obligations heretofore imposed and now resting" on said grantor company. There is attached to said ordinance, as set out in the bill of exceptions, a certified copy of what purports to be a resolution of the board of directors of said appellee, accepting said ordinance.

Upon the question as to the admissibility of these ordinances, appellant's counsel say, in part: "Undoubtedly, when appellee ran this car at a speed of eighteen or twenty miles per hour against appellant, it was a lawbreaker, and that fact was a competent one to go to the jury as tending in some degree to show the wilful intent of appellee to injure appellant." The violation of an ordinance may be evidence of negligence, but it is unnecessary to decide whether the violation of an ordinance may be evidence of wilfulness, for we have reached the conclusion that the ordinances in question were inapplicable to the case on trial. The last ordinance did not create any new duty, for it but obligated the appellee to observe such duties, conditions, and obligations as, at the time of its enactment, were obligatory upon the appellee's predecessor. So far as the record shows, there had been no attempt upon the part of the common council of Indianapolis to regulate the speed of street cars operated in said city since August 14, 1876. Of course, it is well settled, where a foreign statute or an ordinance is once shown to exist, that its continued existence will be presumed, if nothing is shown to the contrary. *Cochran* v. *Ward*, 5 Ind. App. 89, 51 Am. St. 229; *Bush* v. *Garner*, 73 Ala. 162; *In re Huss*, 126 N. Y. 537, 27 N. E. 784, 12 L. R. A. 620; *St. Louis, etc., R. Co.* v. *Eggmann*, 161 Ill. 155, 43 N. E. 620. The question here, however, is not whether the ordinance is in force, but whether it is applicable. There was, and is, no claim made by appellant, upon the evidence or otherwise, that appellee was not entitled to use electricity as a motive

power, and, as the court knows judicially that within fifteen years last past electricity has become the ordinary motive power that is used in the propulsion of street cars, we feel justified in holding that, *prima facie,* the appellee was rightfully entitled to use electricity for that purpose. Assuming then the rightfulness of appellee's action in that particular, can it be said that said speed ordinances were violated by appellee upon the occasion in question? Frankness requires the admission that every ordinance reasonably limiting the rate of speed of street cars upon public streets does have the same tendency to protect persons in the lawful use that they may make of the streets. We know, however, that, after the advent of electricity as a motive power for street cars, such carrier corporations granted the demands of the public for swifter transit, and that, by extending their lines into what was before suburban territory, such corporations have caused the environs of cities to expand until populous residence districts have sprung up at distances so great from the business portions of such cities as now to be practically inaccessible, if there were an enforced return to the rate of speed that obtained in the operation of street cars twenty years ago. At the same time, while it is undeniable that the increased rate of speed at which street cars are now propelled has had a tendency to increase the peril to life and limb and property upon the street, yet that tendency has been in some measure neutralized by the greater care that the public now generally exercise in going upon or along street car tracks.

The question as to the maximum rate of speed, at which street cars shall be permitted to be propelled along the streets of a city, is, in the first instance, at least, a legislative question, and it is evident that the new factors that we have suggested could scarcely fail to receive due consideration in enacting a new ordinance. We are not called upon to, and do not, condemn the speed ordinances in question, as unreasonable; but we point to the above considerations as manifesting the fact that said ordinances are inapplicable, be-

cause almost every material condition is now different from what it was at the time of the adoption of such ordinances. If this court should hold, as it has, that a bicycle is a vehicle, and that, as such, it should not be used upon the sidewalk, it would only be applying an old and applicable doctrine to meet a recognized mischief. As a general rule, like reason makes like law, and the principle upon which a law is based is ordinarily comprehensive enough to meet new and changed conditions if the old reason still calls for its application. Notwithstanding the intervention of many years since a statute was enacted, or an ordinance was adopted, we may be able to say that the statute or ordinance is still a manifestation of the legislative will as applied to a particular case; but when substantially new factors enter into the problem as to what the written law ought to be, as applied to a particular case, then the courts can no longer treat the statute or ordinance as an expression of the legislative purpose as applied to that case.

For the protection of life and limb and property upon its streets, the city of Indianapolis has been delegated a part of the police power that inheres in the State. That power the city can not alienate, even by express contract. There is, therefore, no force in the argument that the appellee ought not to enjoy its franchise without complying with that portion thereof that fixed a maximum rate of speed. The city has at all times had, and still has, the authority to enact a reasonable speed ordinance.

In *Thompson* v. *Citizens St. R. Co.*, 152 Ind. 461, this court expressed a doubt as to the application of the ordinances of 1864 and 1876 to a street railway operated by electricity; but the question was not decided, as it was unnecessary to do so. In this case, however, the question is presented, and we cannot avoid the ruling that said ordinances are inapplicable under such circumstances.

The trial court properly sustained appellee's objections to the ordinances offered in evidence.

We have now considered all questions that arise upon the record, and we perceive no available error therein.

Judgment affirmed.