FRANK BIRD TRANSFER COMPANY *v.* MORROW ET AL.

[No. 4,998. Filed November 1, 1904. Rehearing denied June 27, 1905. Transfer denied October 12, 1905.]

1. APPEAL AND ERROR.—*Briefs.—Appellate Court Rules.*—An assignment of error not discussed in appellant's brief is waived. p. 306.

2. SAME.—*Weighing Evidence.*—The Appellate Court will not disturb a verdict based upon conflicting evidence. p. 307.

3. EVIDENCE.—*Street Railroads.—Municipal Ordinances. — Applicability.—Persons Hanging outside of Street Car.*—An ordinance, prohibiting persons from swinging or hanging on the outside of any street car, passed when horse-power was used exclusively, is not applicable to travel on modern electric street cars, and is inadmissible in evidence for the purpose of showing that plaintiff was a wrongdoer at the time of his injury. p. 307.

4. CARRIERS.—*Passengers.*—*Street Railroads.*—*Riding on Running-Board.*—It is not negligence *per se* for a passenger to ride on the running-board of a street car. p. 309.

5. SAME.—*Hackmen.*—*Duty to Observe.*—It is the duty of the driver of a hack to take notice of the conditions and surroundings in driving his hack on the streets. p. 309.

6. APPEAL AND ERROR.—*Instructions.*—*Record.*—No question can be presented on appeal on an alleged instruction which is not contained in the record. p. 310.

From Superior Court of Marion County (64,241); *John L. McMaster,* Judge.

Action by Samuel P. Morrow against the Frank Bird Transfer Company and others. From a judgment for plaintiff against such company, it appeals. *Affirmed.*

*Schuyler A. Haas,* for appellant.

*Joseph Collier* and *J. H. Kingsbury,* for appellee Morrow.

WILEY, J.—The appellant prosecutes this appeal from a judgment rendered against it in favor of appellee Morrow on account of personal injuries resulting from appellant's alleged negligence.

Under the assignment of errors, the sufficiency of

1. the complaint is called in review, but, counsel for appellant having failed to discuss that question, it will not be considered under the rule so long established in this State.

This leaves but a single question for determination, to wit, the overruling of appellant's motion for a new trial. In the court below the Indianapolis Street Railway Company and the Indianapolis Transfer Company were also made defendants. During the trial the appellee Morrow dismissed as to the latter company, and upon the conclusion of the evidence the record shows that upon the motion of the Indianapolis Street Railway Company the court instructed the jury to return a verdict in its favor.

Appellant asked for a new trial upon three grounds: (1) That the verdict was not sustained by sufficient evi-

dence; (2) that the court erred in excluding certain offered evidence; and (3) that the court erred in instructing the jury to find for the Indianapolis Street Railway Company.

The first reason above stated may be disposed of upon the proposition that the record contains ample evidence upon which to base a verdict and judgment against appellant. There is convincing evidence of appellant's negligence, which resulted in the injury to appellee Morrow, and hence, upon that ground, we can not disturb the verdict.

2.

As to the second reason, the offered evidence on behalf of the appellant, which the court excluded, was an ordinance of the city of Indianapolis, adopted at a time when all street cars within the limits of the city were propelled by horse power. So much of that ordinance as is necessary for us to consider in this case is as follows: "From and after the passage of this ordinance, it shall be unlawful for any person within the corporate limits of the city of Indianapolis to swing or hang from the outside of any street car." The evidence shows that appellee Morrow was on a west-bound street car, returning to the city from a baseball game on East Washington street. The car was crowded, and he, with many others, was standing upon what is commonly known and designated as the running-board of a summer street car. While in that position, appellant, by its servant, drove a large two-horse bus, filled with ball players, against appellee Morrow, while standing upon the running-board, and crushed him up against the car, and when it pulled away from the car he fell to the street. It is urged by counsel for appellant that when appellee Morrow was injured he was violating a penal ordinance of the city by riding on the running-board of the car, and that as he was a wrongdoer he could not recover. It is apparent from the record that the trial court excluded this offered evidence upon the

3.

ground that the ordinance was not applicable to the present condition and manner of operating street cars.

It is a matter of common knowledge that radical changes have taken place in the past thirty years in regard to operating and propelling street cars. It is also a matter of common knowledge that, in the modern construction of street cars, regard is had to conditions and seasons; and in the city of Indianapolis we not only know from everyday observation and common knowledge, but from the evidence in this case, that upon the streets in the city of Indianapolis, during the summer season, street cars are operated which are known and designated as summer cars. These are open carriages, with the seats running crosswise, and with the running-board running lengthwise the car from end to end, and projecting from the car a sufficient distance, and the board being of sufficient width, for a step or platform for the accommodation of passengers getting on and off the cars. It may be remarked that the primary purpose of this running-board is for the convenience of persons desiring to take passage and alight from such cars, but we also know that it is used frequently for passengers to stand upon when the car is crowded. Under these conditions, we are clearly of the opinion that the ordinance offered in evidence did not apply to the facts disclosed by the record in this case.

We are not without authority upon this proposition. In the recent case of *Bonham* v. *Citizens St. R. Co.* (1902), 158 Ind. 106, it was held that the ordinances adopted in 1864 and 1876, regulating the rate of speed at which a horse-power street car company should run its cars, are not applicable to the successors of such company, operating its cars by electricity, although the electric company, by the terms of its franchise, accepted the duties and obligations imposed upon its predecessor, and it was held that the trial court properly excluded such ordinance from the evidence in an action against the latter company for an unlawful

injury. In that case the court said: "Notwithstanding the intervention of many years since a statute was enacted, or an ordinance was adopted, we may be able to say that the statute or ordinance is still a manifestation of the legislative will as applied to a particular case; but when substantially new factors enter into the problem as to what the written law ought to be, as applied to a particular case, then the courts can no longer treat the statute or ordinance as an expression of the legislative purpose as applied to that case."

It is the contention of appellant that, as appellee Morrow was violating the ordinance under consideration, he was himself a wrongdoer, and hence was not entitled to recover. If the ordinance was inapplicable to existing conditions— and under the authority cited it was—then there is no evidence to show that said appellee was a wrongdoer. In passing the ordinance in question, the city council did not contemplate the operation of street cars by electricity, nor did it intend that such ordinance should apply to the modern summer car with a running-board. The council was legislating with regard to then existing conditions.

Neither is there any evidence to show that appellee was negligent, under all the facts and circumstances, in riding upon the running-board. We are clear that it is not 4. negligence *per se* for a passenger to stand upon the running-board of a street car, as such cars are usually operated in the city of Indianapolis. *Citizens St. R. Co.* v. *Hoffbauer* (1900), 23 Ind. App. 614.

In this case the evidence establishes the fact that appellant was driving its heavy, loaded bus faster than the street car, upon which appellee Morrow was riding, was 5. running. It was bound to take notice of the conditions and surroundings. There was plenty of room between the north rail of the street car track and the curb for appellant's bus to pass the car without coming in contact with persons standing on the running-board, and the

accident would not have occurred if the driver of the bus had not carelessly attempted to pass or "pull around" another vehicle in the street.

It is next contended by counsel for appellant that the court erred in sustaining the motion of the Indianapolis Street Railway Company to instruct the jury to 6. return a verdict in its favor. If there was any error in this we do not think the record presents the question. It is disclosed by the record that the street car company filed the following motion: "The Indianapolis Street Railway Company, now, at the close of all the evidence, moves that the court instruct the jury to return a verdict in favor of the Indianapolis Street Railway Company in this cause." And the record also contains the further entry: "Which motion the court sustains. Thereupon the argument of counsel is heard, and the jury is instructed by the court, and retire to consider of their verdict," etc. The record does not contain any instructions whatever. We can not consider the correctness of any instruction when the record does not contain the instruction complained of.

Judgment affirmed.